**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**KATHRYN WRIGHT,**

          **Plaintiff,**                              **CASE NO.:**

**v.**

**CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,**

          **Defendant.**

_____/

**COMPLAINT**

Plaintiff, KATHRYN WRIGHT, by and through her undersigned counsel,

hereby sues Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

and states as follows:

**JURISDICTION AND VENUE**

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and

§ 1367; the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"),

42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e et seq.; the Family and Medical Leave Act of 1993 ("FMLA"), 29

U.S.C. § 2601 et seq.

2.        Venue lies within the United States District Court for the Middle

District of Florida, Tampa Division, because a substantial part of the events giving

rise to this claim occurred in this Judicial District and is therefore proper pursuant

to 28 U.S.C. § 1391(b).

## PARTIES

3.     Plaintiff, KATHRYN WRIGHT (hereinafter "Plaintiff"), is a resident of Plant City, Florida.

4.     Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS (hereinafter "Defendant"), is a foreign entity authorized and doing business in this Judicial District, including at its facility located in Temple Terrace, Florida.

## GENERAL ALLEGATIONS

5.     At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6.     At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7.     Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9.     Plaintiff filed a timely Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), Charge No. 15D-2026-00217, alleging discrimination and retaliation on the basis of disability and sex.

10.    On June 11, 2026, the Equal Employment Opportunity Commission issued a Determination and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue.

11.    Plaintiff has satisfied all conditions precedent to bringing this action.

## FACTUAL ALLEGATIONS

12.    Plaintiff is a female employee who worked for Defendant for approximately a decade, most recently as a Senior Account Manager.

13.    On February 2, 2023, Plaintiff was diagnosed with cancer and promptly informed Defendant of her condition.

14.    Plaintiff's cancer and its treatment substantially limited one or more of her major life activities and major bodily functions.

15.    Plaintiff utilized Short-Term Disability ("STD") benefits to obtain surgery in May 2023. When Plaintiff returned from her disability-related leave, she inquired about utilizing STD benefits for her chemotherapy appointments but was informed that STD did not cover chemotherapy.

16.    From August 2023 to January 2024, Plaintiff reported to manager Steven Carrasco. Plaintiff was to assume Mr. Carrasco's responsibilities when he was out of the office; however, each time, Mr. Carrasco instead selected one of

Plaintiff's male counterparts, stating that Plaintiff was "unreliable due to [her] medical needs," referring to her disability.

17.   During this same period, Mr. Carrasco frequently allowed male employees to work remotely but denied Plaintiff's requests to work remotely and berated her when her chemotherapy appointments ran late.

18.   Plaintiff scheduled her weekly chemotherapy appointments for Wednesdays, when employees were required to be in the office, and attended treatment at a cancer center near her office to minimize disruption to her work.

19.   When Plaintiff requested to work from home as an accommodation for her treatment, Defendant, through Human Resources, offered her only unpaid FMLA leave and advised that there was nothing further it could do other than for Plaintiff to keep working or lose her job. Defendant never advised Plaintiff of any medical accommodation team or process available to her.

20.   In August 2024, Plaintiff requested the accommodation of a second disability-related leave to undergo further surgical procedures.

21.   Plaintiff's last day of work was August 5, 2024. On August 6, 2024, Plaintiff began an approved leave of absence and underwent surgery.

22.   By letter dated August 21, 2024, Defendant's leave administrator, Sedgwick, approved Plaintiff's STD benefits and approved leave under the Family and Medical Leave Act ("FMLA") beginning August 6, 2024.

23.    Plaintiff's FMLA leave was approved from August 6, 2024, and her STD benefits were repeatedly extended as her treatment continued, including a rescheduled surgery and ongoing medical care.

24.    Plaintiff underwent additional surgery on October 28, 2024, and began a course of psychiatric treatment on November 5, 2024, all while on approved medical leave.

25.    On or about November 17 and 18, 2024, Defendant's personnel reported to Human Resources that Plaintiff may have been engaged in outside employment during her leave, based upon a social media page for a family landscaping business, and Defendant initiated a social media investigation focused on secondary employment.

26.    Plaintiff did not perform physical labor for the family business and signed formation paperwork only as an investor. The business's social media page was created using Plaintiff's personal account because her husband, who operated the business with their minor son, did not have his own account.

27.    On December 12, 2024, Sedgwick retroactively denied Plaintiff's STD benefits back to August 6, 2024, and advised Plaintiff that she would be required to repay all benefits she had received. That same day, Defendant, through Human Resources, placed Plaintiff on unpaid leave status pending a Code of Conduct investigation.

28.     Although Defendant's personnel had reported the social media page and initiated the investigation weeks earlier, Defendant's Human Resources representative told Plaintiff on December 12, 2024, that she was unaware of any investigation.

29.     On December 20, 2024, Defendant conducted a Code of Conduct investigation interview with Plaintiff, during which Plaintiff explained the circumstances of the family business and denied engaging in outside employment in violation of company policy.

30.     On January 7, 2025, Defendant terminated Plaintiff's employment by telephone, citing the social media page and alleged self-employment while on leave. When Plaintiff attempted to ask questions, Defendant's representative told her not to ask any questions and ended the call.

31.     By letter dated January 8, 2025, Defendant confirmed Plaintiff's termination, stating that during her leave of absence Defendant was notified that she was "engaged in outside employment without receiving approval as required by Verizon's Code of Conduct," and that her employment was terminated effective January 8, 2025.

32.     Several of Plaintiff's male counterparts engaged in secondary occupations while employed by Defendant, including while on leaves of absence, and were not disciplined. For example, a male employee managed a rental

6

property outside of his role at Verizon, and a male Senior Account Manager performed financial advising work on the side, yet neither was disciplined.

33.    A male Senior Account Manager on Plaintiff's team was permitted to take mental health STD leave without being required to provide extensive medical documentation, while Plaintiff was required to produce documentation to prove her need for leave following two separate surgeries.

34.    As a further consequence of her termination, Plaintiff forfeited unpaid restricted stock units that were scheduled to vest, and Defendant demanded that Plaintiff repay $31,845.82 in wages, characterizing the payments made to her during her medical leave as an overpayment.

35.    Plaintiff's termination occurred only weeks after she requested accommodations, took protected medical leave, and opposed Defendant's discriminatory treatment of her. The temporal proximity between Plaintiff's protected activity and her termination demonstrates that Defendant terminated her out of discriminatory and retaliatory animus.

36.    Defendant's claimed reason for termination was pretextual. Defendant did not discipline or terminate similarly situated male and non-disabled employees who engaged in comparable conduct.

37.    Plaintiff has suffered loss of income, benefits, emotional distress, humiliation, and other damages as a result of Defendant's unlawful actions.

## COUNT I
## DISABILITY DISCRIMINATION
### (Under the Americans with Disabilities Act Amendments Act of 2008)

38.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

39.    Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq.

40.    Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

41.    Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's condition substantially limited one or more major life activities and/or one or more major bodily functions.

42.    Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

43.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans

with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

44. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

45. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

46. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

47. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA")
## FAILURE TO ACCOMMODATE

48. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

49. Plaintiff is an individual entitled to protection under the Americans

With Disabilities Act Amendments Act of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

50.    Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

51.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

52.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008**
**("ADAAA")**
**RETALIATION**

53.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

54.    Plaintiff suffered an adverse employment action (termination) for

opposing an employment practice and for opposing Defendant's discriminatory treatment of her, and for requesting a reasonable accommodation, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

55. The above-described acts constitute retaliation, in violation of the ADAAA.

56. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT – DISABILITY DISCRIMINATION

57. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

58. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

59. Plaintiff is an individual with a disability.

60. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability and/or perceived disability.

61. Defendant failed to provide Plaintiff with a reasonable accommodation, which resulted in Plaintiff's termination on the basis of her disability, record of a disability and/or perceived disability.

62. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

63. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

64. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT V**
**GENDER DISCRIMINATION**
**(Under Title VII of the Civil Rights Act of 1964)**

65. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

66. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

67. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex,

female, in violation of Title VII.

68.     Defendant treated similarly situated male employees more favorably than Plaintiff, including in the assignment of responsibilities, the granting of remote work, the treatment of leaves of absence and outside employment, and the imposition of discipline.

69.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

70.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

71.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT VI**
**FLORIDA CIVIL RIGHTS ACT – GENDER DISCRIMINATION**

72.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

73.     Plaintiff is a member of a protected class under the Florida Civil Rights Act.

74. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex, female, in violation of the Florida Civil Rights Act, Florida Statutes Chapter 760.

75. Defendant treated similarly situated male employees more favorably than Plaintiff.

76. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT – RETALIATION

77. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

78. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760. Specifically, Plaintiff opposed disability and sex discrimination in the workplace and requested a reasonable accommodation.

79. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

14

80.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT VIII
## FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## INTERFERENCE

81.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

82.    At all times material, Plaintiff was an eligible employee within the meaning of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Defendant was an employer within the meaning of the FMLA.

83.    Plaintiff was entitled to leave under the FMLA because of a serious health condition that made her unable to perform the functions of her position, and Defendant approved Plaintiff for FMLA leave beginning August 6, 2024.

84.    By the conduct described above, Defendant interfered with, restrained, and/or denied the exercise of Plaintiff's rights under the FMLA.

85.    The above-described acts constitute a violation of the FMLA, for which Defendant is liable.

86.    As a result of Defendant's unlawful conduct, Plaintiff has suffered

15

and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost wages, salary, benefits, and other compensation, liquidated damages, interest, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT IX
## FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## RETALIATION

87.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 37.

88.    Plaintiff engaged in activity protected by the FMLA, including requesting and taking approved FMLA leave for her serious health condition.

89.    Plaintiff suffered an adverse employment action, including termination, because she exercised her rights under the FMLA.

90.    The above-described acts constitute retaliation in violation of the FMLA.

91.    As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost wages, salary, benefits, and other compensation, liquidated damages, interest, attorney's fees and costs, and all other relief deemed just and equitable.

## DEMAND FOR JURY TRIAL

92.    Plaintiff, KATHRYN WRIGHT, requests a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**DATED** this 31 day of July, 2026

> **FLORIN GRAY**
>
> */s/ Christopher Gray_____*
> **CHRISTOPHER D. GRAY, ESQUIRE**
> Florida Bar No .902004
> Primary: chris@floringray.com
> Secondary: ashley@floringray.com
> **MIGUEL BOUZAS, ESQUIRE**
> Florida Bar No.: 48943
> miguel@floringray.com
> 16524 Pointe Village Drive, Suite 100
> Lutz, FL 33558
> Telephone (727) 220-4000
> Facsimile (727) 483-7942
> *Attorneys for Plaintiff*